# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEONARD G. SWANAGAN, **Plaintiff,** v. GEORGIA DEPARTMENT OF CORRECTIONS et al., **Defendants.** | 1:13-cv-3149-WSD |

## ORDER

This matter is before the Court on Plaintiff's Notice of Removal [3]. Also before the Court is Magistrate Judge Linda T. Walker's Final Report and Recommendation [4] ("R&R").

On September 23, 2013, Plaintiff Leonard G. Swanagan ("Plaintiff") filed a Notice of Removal purporting to remove to this Court an action filed by Plaintiff in the State Court of Cobb County, Georgia. Plaintiff did not attach a certificate of service or otherwise indicate that the Notice was served on Defendants.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court . . . ." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 392 (1987). Accordingly, the removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction [over a case removed to the district court], the case shall be remanded." 28 U.S.C. § 1447(c). The removing party bears the burden of demonstrating subject matter jurisdiction, Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001), and the Eleventh Circuit has instructed that any doubts should be resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The basis for Plaintiff's removal of this action is not clear. Plaintiff did not attach to his Notice of Removal a complaint evidencing the state-court action he seeks to remove. Plaintiff included copies only of motions to dismiss filed by Defendants, all of which address state law claims asserted by Plaintiff. The Notice of Removal and accompanying papers do not provide sufficient evidence for the Court to conclude that subject matter jurisdiction exists. Plaintiff having failed to establish that the Court has subject-matter jurisdiction over this case, the Court must remand the case to the State Court of Cobb County, Georgia.[1]

---

[1] It is well-settled that only state-court defendants, not plaintiffs, may remove a case to federal court. See 28 U.S.C. § 1446(a). Here, Plaintiff removed the case. On this basis, Judge Walker recommends, in her R&R, that this action be remanded. Typically, procedural defects in a removal are waived if not raised by the opposing party or the Court, *sua sponte*, within thirty (30) days of the removal. See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2d Cir. 1993) ("Although the court was correct in its observation that there was no authority permitting [plaintiff] to remove his own action to federal court, that defect was waived by the failure of [defendant], or the court *sua sponte*, to raise the matter within 30 days of

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that that this case is **REMANDED** to the State Court of Cobb County, Georgia.

**SO ORDERED** this 31st day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

removal."). Because the Court determines that subject matter jurisdiction is lacking in this matter, the Court does not reach the R&R's recommendation. The Court expresses no comment whether Defendants have waived this or other procedural defects in Plaintiff's removal here, since it is unclear from the record whether Defendants were notified of the removal.